## Buckman *versus* Davis.

When there is an action pending, and the parties agree to refer it, and abide by the award, this is a substantial compliance with the Act of 1836, and the award being made pursuant to the submission, it is equivalent to a verdict, and the court may enter judgment thereon.

It is not necessary that the parties should stipulate in their agreement to refer, to make the submission a rule of court.

Where exceptions depend on matters of fact not appearing on the record, the ruling of the court below on such matters cannot be reviewed in this court.

Where the submission required the award to be filed within five days after it shall have been made, and the award is filed more than five days after it bears date, but exceptions to it on that ground were made and overruled by the court below, this court will presume that it was filed in time, or this stipulation waived, or that the referees were not responsible for the omission to perform this part of their duty.

The award, like a verdict, would carry interest from the date of its entry, and not from the rendition of judgment upon it.

ERROR to the Common Pleas of *Chester county.*

This was an amicable action, in which John and William Davis were plaintiffs, and William Buckman defendant. The parties agreed to the following amicable reference:—

" It is agreed, April 11, 1856, that the above amicable action be entered upon the records of the Court of Common Pleas of the county of Chester, as of April Term, A. D. 1856, and that the same be referred to Joseph Wylie, John Marsh, and David Williams, who, after having been severally sworn or affirmed to perform their duties with impartiality and fidelity, shall proceed, without the formal entry of a rule or issuing of an order of court, to try and determine the following question between the parties, to wit, what sum of money, if any, the defendant shall pay the plaintiffs for said defendant's having failed to comply with a certain contract entered into between the said parties, of which the following is a copy, to wit: ' Articles of agreement made this 8th day of February, 1856, between William Buckman, of Bucks county, and John and William Davis, of Chester county; that the said William Buckman lets his farm, situated in Westcaln township, Chester county, for the term of one year, the said John and William is to pay the sum of $295 rent and all taxes. The rent to be paid on New Year's day. Interest to be deducted for three months. Possession to be given April the 1st, 1856, ending April 1, 1857. The said John and William Davis to have a sufficiency of firewood; to sow all grass seed which the farm may require at their own expense. That the said Buckman reserves the privilege of cutting and hauling wood; the nine acre field joining J. McFarland for corn; the stalk ground for oats; the hay, straw, and corn-fodder to be consumed on the farm. Witness our hands and seals, this 8th day of February, 1856;' which said contract was signed and sealed by the said parties; and the said

[Buckman *v.* Davis.]

farm therein mentioned, being the same premises, bounded by lands of Richard McPherson, John McFarland, and fronting on the Wilmington road, containing about 75 acres of land, which Peter Phipps, by certain articles, under seal, dated January 21, A. D. 1856, granted to said William Buckman, and of which the said Peter Phipps and one George W. Stackhouse, now holding the same, refuse to deliver the possession to the said William Buckman, or to the said John and William Davis, by reason whereof the said defendant is prevented from and unable to fulfil his aforesaid contract with the said plaintiffs, by delivering to them the possession of the said farm, wherefore the said plaintiffs aver they have sustained great damage.

"The award of the said referees, or a majority of them, to be final and conclusive between the parties. Said award to be filed in the said court within five days after the same shall have been made, and judgment to be entered thereon by the prothonotary, unless exceptions be filed thereto within ten days thereafter, founded on some plain mistake of fact or law made by the said referees.

"Witness our hands and seals, the day and year above written.

WILLIAM BUCKMAN,    [L. S.]
JOHN DAVIS,         [L. S.]
WILLIAM DAVIS,      [L. S.]

Witnesses present,
    JAMES WILSON,
    JOHN F. BAIRD."

This was acknowledged by the parties before a justice of the peace.

The referees made the following award:—

"We, the referees named in the foregoing amicable action, certify, that having first been severally sworn or affirmed to perform our duties with impartiality and fidelity, we heard the parties, their proofs and allegations, and do award in favour of the said John Davis and William Davis, the plaintiffs, and against the said William Buckman, the defendant, the sum of $400.

"Witness our hands, this 11th day of April, A. D. 1856.".

The submission and award by mistake was filed in the recorder's office on the 12th May, 1856. And on the 17th May, 1856, was entered and filed in the office of the prothonotary.

On the 22d May the defendant filed the following exceptions verified by his own affidavit:—

1. It was one of the terms of the agreement between the parties, that the award of the referees should be filed in the Court of Common Pleas of Chester county, within five days after the same should have been made, which was not complied with.

2. The award has become null and void by reason of the same

[Buckman v. Davis.]

not being filed in the said court within the time fixed by the agreement of the parties; the benefit and advantage thereof having been waived by the failure of the plaintiffs to file the same.

Same day, other exceptions filed by defendant, verified by his affidavit.

1. The referees decided the cause without hearing any testimony or evidence of any kind, or even the statements of the parties, or either of them in the presence of each other.

2. The referees were requested by the defendant to hear his statement, but refused to do so.

3. The plaintiffs, or one of them, out of the presence of the defendant, made representations to some of the referees relative to the case.

4. The referees erred in matter of law, as they considered that the defendant would be entitled to recover from Peter Phipps and James W. Phipps the amount awarded with costs, and this consideration influenced the award.

5. The arbitrators misbehaved themselves,

1st. In deciding the case without evidence.

2d. In refusing to hear the statements of the defendant.

6. The arbitrators made a plain mistake in matter of law in considering that the defendant would be entitled to recover from Peter Phipps and James W. Phipps the amount of the award with costs, which they did; and in making the award larger than they would otherwise have done on the ground that it would ultimately make no difference to the defendant what the award was, as the said Phipps would be liable for the amount; and in considering what the conduct of the said Phipps was in relation to a transaction between the said defendant and the said Phipps, which could not and did not affect the cause of action in this case.

After argument, the court, on the 8th December, 1856, entered judgment on the award in favour of the plaintiffs for $400.

An execution issued for the damages, with interest from the 17th May, 1856, the date of the filing of the award in the prothonotary's office.

The defendant thereupon took this writ and assigned here for error,

1. The court erred, in assuming cognisance of the case, and in directing judgment to be entered on the award.

2. The reference was not made under any Act of Assembly giving the court jurisdiction of the report, or authority to enter judgment upon it.

3. The court erred in overruling the following exception: "It was one of the terms of the agreement between the parties that the award of the referees should be filed in the Court of Common Pleas of Chester county, within five days after the same should have been made; which was not complied with.

4. The court erred in overruling the following exception : "The award has become null and void, by reason of the same not being filed in the said court, within the time fixed by the agreement of the parties ; the benefit and advantage thereof having been waived by the failure of the plaintiff to file the same."

5. The execution is not warranted by the judgment, the judgment having been entered December Term, 1856, for $400, and the execution having issued on the same day for $400, *and interest* from May 17, 1856.

6. The arbitrators made a clear mistake, in matter of law, in awarding to the plaintiff $400, for his damages for the non-performance, by the defendant, of his agreement to deliver possession of a farm of the annual value of only $275.

*Lewis*, for plaintiff in error.

*Bell*, for defendant in error.

The opinion of the court was delivered by

WOODWARD, J.—The authority of the court to enter judgment on the award is objected to, because the submission was under no Act of Assembly, and it is argued that the conditions by which the parties agreed to be bound were altogether different from the terms of the 6th section of the Act of 1836 relating to arbitrations. The only difference perceived, is that the parties did not stipulate to make the submission a rule of court, and this has been held in several cases to be immaterial : 1 *Harris* 90 ; 4 *Whart.* 347. There was an action pending, and the parties agreed to refer it and to abide by the award, and that was a substantial compliance with the Act of 1836 ; and if the award was made in pursuance of the submission, it is equivalent to a verdict, and the court had authority to enter judgment upon it.

But it is said the award is not in pursuance of the submission, because it was not filed, as the parties stipulated it should be, in the Court of Common Pleas within five days after it was made.

It was duly filed on the 17th May, 1856, and the plaintiff in error had the full benefit of all the exceptions he chose to take, among the rest, this one, that it was not filed within five days after it was made. This raised a question of fact, which the court below decided against him, and we are not to revise it. We are bound to assume that the award was filed within five days after it was made. True, it seems to bear date on the 11th of April, but the court below may have been satisfied that this was a mistaken date, or that the parties had agreed to waive the stipulation about the five days—or that the referees had done their duty, but that by some mistake, for which they were not responsible, the award did not reach the prothonotary's office quite as soon as it ought— these or other grounds, which do not and cannot appear of record,

justified the decision of the court, we are bound to presume, that the award was filed in conformity with the agreement of the parties, and their finding of the fact concludes us.

The award made pursuant to the submission, would, like a verdict, draw interest from the date of its entry, and there is, therefore, no virtue in the objection taken to the *fi. fa.*

The only remaining error relates to the amount of the award. This was the very question of fact, " what sum of money, if any, the defendant shall pay to the plaintiff," the parties referred, and the referees having found it, with the approbation of the court, under whose supervision they sat, we have nothing to do with it.

The judgment is affirmed.