IN

# THE SUPREME COURT

OF

PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURG, 1874.

## Ferree *versus* Sixth Ward School District of Allegheny.

1. The word "ground," in the Act of April 9th 1867, sect. 1 (Sites for School-houses), is synonymous with "land," and is not confined to such only as is bare of buildings. School directors may enter upon and occupy improved town lots.

2. When a school district owns a lot, the directors may take beside, as much adjoining ground as is necessary for a site for a school-house, if both together do not exceed one acre.

3. Brocket *v.* Ohio and Pennsylvania Railroad Co., 2 Harris 241, recognised.

November 12th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the Court of Common Pleas of *Allegheny county*: Of October and November Term 1872, No. 60.

The proceedings in this case commenced July 1st 1871, by the petition of the School District of the 6th Ward, Allegheny City, in relation to a site for a school-house.

The petition set out:

That said district is the owner of a lot of ground in the ward, bounded by, &c., and by a lot of ground owned by Frances J. Ferree, whereon the said board of directors are proceeding to erect a suitable building for a public school-house, but the said lot of ground so owned is insufficient for the purposes of said school-house, with the necessary and convenient appertenances, and the said board of directors being unable to procure such eligible site or

(376)

[Ferree v. Sixth Ward School District of Allegheny.]

additional grounds as they deem expedient and necessary for the purposes aforesaid, did in behalf of said district, enter upon, mark off and designate the said lot of ground of said Frances J. Ferree, bounded by, &c., and by the aforesaid lot of ground of the said school district, being, &c., for the purpose of said public school-house, with its necessary and convenient appertenances; and the said last-mentioned lot of ground together with the first-mentioned lot of ground does not exceed one acre in quantity. * * *

The petition further set out : that the directors had been unable to agree with the owner for the purchase of the lot, and prayed the court for viewers to view the lot, make report concerning the premises, and to estimate, determine and report the damages sustained and to whom payable, &c.  Annexed to the petition and made part of it, was a plot of the lot proposed to be taken, and also the lot owned by the district.

July 8th 1871, Frances J. Ferree moved to quash the petition, for the following reasons :—

1. The Act of 9th of April 1867 does not authorize this proceeding, it appearing from said petition and plot that such eligible site as is authorized by said act had already been chosen, and the buildings erected thereon prior to the commencement of these proceedings, and on lands owned by said board of directors or school district.

2. That the act aforesaid only provides for procuring eligible sites for the erection of school-houses therein.

3. That said petition does not allege that the said board of directors intend to use and occupy the lot described for the purpose of erecting thereon a school-house with its necessary and convenient appertenances.

4. That said act contains no authority for taking additional "grounds for convenient and necessary appertenances," that such taking must be with the "eligible site" taken, and not otherwise.

6. That said act does not provide for taking of grounds on which buildings are erected and used as a homestead.

The court refused to quash the petition and appointed viewers.

They reported assessing the damage at $5000, payable to Mrs. Ferree, and $300 to James Holler, a tenant occupying a black-smith shop on the lot under a lease.

On the petition of Mrs. Ferree, reserving the exception that the proceedings in the case were not authorized by the Act of Assembly of April 6th 1867 (Pamph. L. 51 ; 1 Br. Purd. 357, pl. 141), the court appointed reviewers.

They reported amongst other things : * * *

"That the quantity of land attempted to be taken in this proceeding is (describing the lot, &c.), on which lot, on the south end thereof, is erected a frame blacksmith shop, belonging to James

[Ferree *v.* Sixth Ward School District of Allegheny.]

Holler, and on Chartiers street front of said lot is erected a frame dwelling, two stories high, which is occupied by Mrs. Frances J. Ferree as her dwelling-place or homestead, with corner room for store. The dwelling-house is a substantial frame building. The said described house and lot we value at the sum of five thousand dollars, which sum of damages we award to Mrs. Frances J. Ferree. * * * James Holler, the owner of the shop on the south end of this lot, did not appear before the viewers, his damages having been assessed by a former view, as we are informed. * * * They further report that no part of the lot of Mrs. Frances J. Ferree is occupied by the school building of said district of the said sixth ward, Allegheny, nor is it proposed to do so, as the building for school purposes of said ward is already erected on property of the said school district, adjoining this lot of Mrs. F. J. Ferree."

Mrs. Ferree filed exceptions to this report, viz.:

1. That the reviewers did not include in their report nor make any assessment of the damages to be sustained or already sustained by James Holler, whose shop is on the lot of the said F. J. Ferree, under a lease from her.

2. That the Act of April 9th 1867, does not authorize a proceeding of this kind, it being applicable only to the taking of ground for the erection thereon of school-houses, the act only authorizing such taking for eligible sites for the erection of school-houses, the taking not being for such purpose in this case.

The court dismissed the exceptions and confirmed the report of the viewers.

Mrs. Ferree removed the proceedings to the Supreme Court by certiorari.

She assigned for error:—that the court refused to quash the petition on the reasons set forth in the exceptions to it; and that the court overruled the exceptions to the report of the reviewers and confirmed the report.

*N. W. Shaffer,* for certiorari.

*A. M. Brown,* contrà.

Mr. Justice Agnew delivered the opinion of the court, November 18th 1872.

In Brocket *v.* Ohio & Penna. R. R. Co., 2 Harris 241, it was held that the right of a railroad company to enter upon and appropriate *land* for the use of its road includes the right to remove a dwelling-house. The Act of 9th April 1867, Purdon by Brightly 1452, pl. 1, uses the word "ground" in the first part of the section, as synonymous with *land,* the word used in all other parts of the section, as *such* land and *said* land. To confine the word land or

[Ferree *v.* Sixth Ward School District of Allegheny.]

ground to such only as is bare of buildings would render the act often inoperative in closely built towns and cities. We see no reasons therefore to exclude from the power of the school directors the authority to enter upon and occupy improved town lots. Nor do we think that the ownership, by the school district, of an adjoining lot, will prevent the directors from taking, in addition thereto, so much ground as is necessary for the eligible sites for school-houses referred to in the act, where (as here) both the properties together do not exceed the quantity allowed by the act for such purposes.

Order and judgment affirmed.