# LAMOREUX v. THE COUNTY OF LUZERNE.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE
COUNTY.

Argued April 12, 1887—Decided April 25, 1887.

The act of June 13, 1874, P. L. 283, "For further regulation of appeals
from assessments of damages to owners of property taken for public
use," does not apply to proceedings for the opening of township roads.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT,
GREEN and CLARK, JJ., PAXSON, J., absent.

No. 31 January Term 1887, Sup. Ct.; court below, No. 48
June Term 1885.

In the Court of Common Pleas a certificate from the Court
of Quarter Sessions of an appeal on the part of E. B. Lamoreux
from the report of viewers awarding him damages in the sum of
$500 in the matter of the laying out of a public road in Jackson
and Lehman townships, Luzerne county, was filed.   By agree-
ment of parties the title of the cause was afterwards amended
so as to read, E. B. Lamoreux v. The County of Luzerne, and
on the same day motion was made to strike off the appeal for
reasons filed.   Subsequently on argument the rule was made
absolute, CHARLES E. RICE, P. J., delivering an opinion:—

The act of June 13, 1874, P. L. 283, which was passed
for the purpose of carrying into effect the 8th section of article
XVI. of the Constitution, gives an appeal to either party "in
all cases of damages assessed against any municipal or other
corporations, or individuals invested with the privilege of
taking private property for public use, for property taken,
injured or destroyed by the construction or enlargement of
their works, highways, or improvements."   Judge ELWELL has
held in a carefully considered opinion that the foregoing sec-
tion does not apply to proceedings for the opening of township
roads, and has assigned two reasons for his conclusion: first,
because a county is not a municipal or other corporation within
the meaning of the Constitution and the act under considera-
tion; second, because it is not invested with the privilege of
taking private property for public use for highways: Freeze

v. Col. Co., 6 W. N. 145. The arguments adduced by the learned judge to sustain these propositions cannot be easily answered, nevertheless the current of opinion seems to be in the direction of a more liberal construction of the statute than his first proposition would permit. Being a remedial statute it is entitled to such construction; at all events, the following conclusions would seem to be warranted by the later decisions: First, an appeal lies where, in the exercise of the right of eminent domain, land is taken for the use of a municipal corporation, notwithstanding the proceedings for its appropriation were neither instituted by its authority nor under its control: Bachler's Appeal, 90 Penn. St. 207; Robinson v. S. Chester, 2 Ch. Co. R. 441; *In re* Frankford, etc., Turnpike, 42 Leg. Int. 46; and see Hendricks' Appeal, 103 Penn. St. 358. Second, the fact, that in such a case the damages are assessed against a county, and that a county is not, strictly speaking, a municipal corporation, is not in itself conclusive against the right of appeal: Bachler's Appeal, *supra*. If the case turned upon that point we would also be inclined to hold that, wherever a county is invested with the privilege, and in the exercise thereof takes private property for public use, the act applies: Brower v. Chester County, 1 Pa. C. C. R. 1. But assuming, as is declared in Bachler's Appeal, *supra*, that "Section 8, article XVI. of the Constitution secures an appeal and a trial by jury for damages, wherever private property is taken by a municipal corporation for public use, and the act of June 13, 1874, furnishes the remedy thus secured to owners, where the sufficient provision for trial by jury already existed;" and still it does not follow that an appeal lies in the present case. If the act contemplates a county at all, it is as a body corporate and not as a geographical division of the state. But as a body corporate a county is not in any sense of the terms "invested with the privilege of taking private property for public use" for highways. It cannot institute nor defeat the proceedings for that purpose; it cannot open the road after it has been decreed; and after it is opened it has neither ownership in nor control over it. In this respect its power differs materially from that of a borough or city. How, then, can it be said that the damages assessed against the county are for property taken, injured or destroyed by the construction of its

highway? And if this cannot be said, the subject matter of the appeal comes neither within the letter nor spirit of the act. For, assuming that the act was intended to give an appeal and trial by jury to every person who has a constitutional right to claim compensation for property taken for public use, it must be remembered that the appellant does not come within that class. The six per cent. allowance for roads embraced in all the original grants from the proprietaries and the commonwealth makes his claim for compensation a matter of grace on the part of the legislature, and not of constitutional right: McClenachan v. Curwen, 6 Binn. 509; Plank Road Co. v. Thomas, 20 Penn. St. 91; Com. v. Fisher, 1 P. & W. 465; Workman v. Mifflin, 30 Penn. St.. 370; Township of East Union v. Cowrey, 100 Penn. St. 362. We cannot better sum up the case than in the forcible language of Judge ELWELL: " From the commencement of proceedings to lay out a public road to its being finally confirmed and opened for use, and from thence through all time, a county has nothing whatever to do with it, except to pay damages and expenses in compliance with a general law of the state. The taking is by the state by right of eminent domain, in the manner provided by its laws, through the agency of the judiciary. It has always been the policy of the state to make provisions for necessary highways for all its citizens; and to that end, in grants of its lands there was added six per cent. for roads, and the courts of the state were clothed with authority to appoint viewers and to establish roads. This may be done without the consent or even against the protest of the county officials. They are invested with no power, authority, or privilege pertaining to the matter:" Freeze v. Columbia Co., 6 W. N. 45.

Now, September 6, 1886, the rule is made absolute and the appeal is stricken off.—

To this decree the appellant excepted and then took this writ, assigning that the court erred: 1. In holding that a county as a body corporate is not in any sense of the terms "invested with the privilege of taking private property for public use" for highways. 2. In holding in their opinion that the subject matter of this appeal comes neither within the letter nor spirit of the act of June 13, 1874, P. L.. 283. 3. In holding that there is no appeal from the award of viewers in a

county road case from the Quarter Sessions to the Common Pleas. 4. In making the rule to strike off the appeal absolute.

*Mr. Edmund G. Butler* for the plaintiff in error:

If an appeal lies where land is taken for the use of municipal corporations, Bachler's Appeal, 90 Penn. St. 207, where proceedings are not instituted by its authority nor under its control, why does not an appeal lie from such body corporate as a county, when the same incapacities exist? An appeal is provided by the act of June 13, 1874, P. L. 283.

Freeze v. Columbia county, 6 W. N. 145, has been frequently cited in this court and its reasoning practically rejected; Bachler's Appeal, *supra*; Road in Springdale twp., 91 Penn. St. 260; Hendrick's Appeal, 103 Idem 358; Brower v. Chester County, 1 Pa. C. C. R. 1; Alley in West Chester, 1 Chester Co. R. 525; Pusey's Appeal, 83 Penn. St. 67.

Article IX, §§ 8 and 10 of the Constitution classifies counties with other municipal authorities. In Hendrick's Appeal, *snpra*, it was held that when streets are opened, the citizen's land is appropriated to public use as part of the highway of the borough, and by proper proceedings in the courts. By the special law for Luzerne and some other counties, Act of Feburary 24, 1845, P. L. 52, the board of viewers assess the damages as well as lay out the road, and the court practically fixes the amount of damages, and neither the county, nor the township, nor the petitioners have any control thereover. The legal proceedings necessary to complete the taking are only the means, the machinery, by which it is to be accomplished. The right to compensation remains.

*Mr. R. D. Evans* for the defendant in error:

By the act of June 13, 1874, two things are made essential as prerequisites to the granting of the appeal provided, namely, a corporation " invested with the privilege of taking private property for public use," and an actual taking " by the construction or enlargement of its works, highways, or improvements." Neither of these things appear where damages are awarded against a county for the taking of land for township roads.

The cases cited by the plaintiff in error are all of them cases of streets in cities and boroughs, except one, which is the case

of a county bridge. In the former the land is, taken by the municipality in the construction of *its own* highways. In the latter, the bridge is distinctly erected for the use of the county.

PER CURIAM:

It is true a county is recognized as a municipal corporation under the constitution of 1874 and subsequent legislation, and in some cases it may take private property for public use. This road, however, was not taken by the county. The proceedings for taking the land for this road, were not instituted by the county nor under its authority. The county has no ownership in the road, nor control over it. It is a public road or highway of the Commonwealth, which the township in which it is located is bound to keep in repair. The township and not the county is liable for damages caused by a neglect to keep it in proper repair. It follows in this case, the facts do not come within any act authorizing the plaintiff to appeal.

Judgment affirmed.