## Prager, Appellant, *v.* Armstrong County.

*Road law—State highways—Acts of May 1, 1905, P. L. 318, and June 8, 1907, P. L. 505—Appointment of viewers—Irregularity—Appeals.*

1. On an appeal by a county from an award of a jury of view assessing damages for the improvement of a state highway, the county cannot object at the trial in the common pleas to the irregular action of the court of quarter sessions in appointing a jury of six viewers instead of a jury of three viewers. Such an irregularity might have been objected to at the time the viewers were appointed, but after they had made their award, and an appeal had been taken from the award, objection to the irregularity will be deemed to have been waived.

2. The improvement of a public road by the state highway depart-

ment, under the provision of the Act of May 1, 1905, P. L. 318, as a "state highway," leaves the burden of maintaining such highway after it has been improved, precisely where it had before rested; and does not render the road a "work, highway or improvement" of any "municipal or other corporation." The road, before, during and after the completion of the improvement is a public work of the state; and if land has been taken in making the improvement it was taken by the state by the right of eminent domain. Where proceedings have been instituted in the court of quarter sessions for the appointment of viewers to assess damages for the taking of such land, no appeal lies to the court of common pleas. Proceedings in the quarter sessions in such cases are only subject to review by the proper appellate court.

Argued May 8, 1911. Appeal, No. 152, April T., 1911, by plaintiff, from order of C. P. Armstrong Co., June T., 1909, No. 122, refusing to take off nonsuit in case of John Prager v. Armstrong County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Appeal from award of jury of view. Before PATTON, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order refusing to take off nonsuit.

*R. A. McCullough,* for appellant.

*R. L. Ralston,* with him *E. O. Golden,* for appellee.

OPINION BY PORTER, J., October 9, 1911:

The plaintiff presented to the court of quarter sessions of Armstrong county his petition representing that, in the year 1908, the state highway department of the commonwealth of Pennsylvania together with the county of Armstrong and the township of South Buffalo, under plans for the improvement of a certain public road, known as the Freeport and Kittanning road, adjoining plaintiff's land, entered upon said road, for the purpose of improving the same as a "state highway;" that in making said

improvement along plaintiff's land the authorities did, among other things, widen and change the location of the highway, and did take, use and occupy as a part of said highway a strip of the petitioner's land thirty-five feet wide and 100 feet long. The petitioner prayed the court to appoint viewers to assess the damages, if any, which petitioner had sustained, against the county of Armstrong, "in the manner provided by the law governing the assessment of damages for opening public highways, and the acts of assembly governing the improvement of public roads as state highways, and the taking of private property for public use." The court of quarter sessions appointed six viewers, to assess the damages. The viewers made report assessing the damages sustained by plaintiff at $100 and, no exceptions having been filed to the report, the same was confirmed absolutely. The county of Armstrong subsequently appealed from the award of viewers, which appeal was allowed by the court and the case certified to the common pleas for a jury trial. Upon the trial in the court of common pleas, that court, after the evidence produced by plaintiff had been closed, entered a judgment of compulsory nonsuit, which it subsequently refused to take off, and from that judgment the plaintiff appeals.

The evidence disclosed that the proceedings for the improvement of the road in question had been conducted by the state highway department, the county of Armstrong and the township in which the highway was situated, in accordance with the provisions of the Act of May 1, 1905, P. L. 318, and the act amending that statute approved June 8, 1907, P. L. 505, regulating the improvement of roads as "state highways." The evidence disclosed that the authorities in making the improvement, in accordance with the plan of the state highway department, had widened the road, where it adjoined the plaintiff's land, and in doing so had taken a strip of plaintiff's land, which was outside the limits of the old road. The learned judge of the court below, in his opinion over-

ruling the motion to take off the nonsuit, said: "It may be admitted for the purposes of this case that the plaintiff sustained injuries to his land, by reason of the construction of the state road. . . . By the overlapping or widening of the state road over the location of the old road of 1845." The court refused, however, to take off the judgment of nonsuit for the following reasons: (1) The petition for the appointment of viewers "should have described the property of the plaintiff with minuteness and detail," which the court held it failed to do; (2) the court of quarter sessions had appointed six viewers, whereas it ought only to have appointed three; and (3) the order of court directed to the viewers did not clearly define the duties imposed upon them by law.

The petition for the appointment of viewers sufficiently stated all the facts upon which the jurisdiction of the court of quarter sessions depended. The improvement of the road was stated to have been completed. The location of plaintiff's land was properly designated. It was expressly averred that in improving the road, under the plans for said improvement, the authorities had widened the road, and had taken "a strip of plaintiff's land on the east side of said Freeport and Kittanning road, thirty-five feet wide by 100 feet long." The prayer of the petition disclosed that the jurisdiction which the petitioner intended to invoke was that "provided by law governing the assessment of damages for opening highways, and the acts of assembly governing the improvement of public roads as state highways." The petition having asserted the facts which gave the court of quarter sessions jurisdiction to appoint viewers to ascertain and assess the damages, the sixteenth section of the act of 1905, as amended by the act of 1907, provides that, "the proceedings upon which said petition and by the viewers shall be governed by the laws relating to the assessment of damages for opening public highways." The effect of this provision is to require that the number of viewers to be appointed and their course of procedure shall be that provided by the law in

force at the time and in the county when and where the petition may be filed: Loyalsock Township Road, 26 Pa. Superior Ct. 219. The plaintiff, therefore, was in court upon a valid application to its unquestionable power, the jurisdictional facts were averred, and if there were mere irregularities in the petition they ought to have been taken advantage of by objection at the proper time. The appointment of six viewers, if only three were required was an irregularity for which the appointment would undoubtedly have been vacated, had the objection been made in time, but it did not affect the jurisdiction of the court over the parties or the subject-matter. It is not necessary, in this case, to determine whether in the county of Armstrong only three viewers should have been appointed, instead of six, but that question was decided by the Supreme Court, in Road in Plumcreek Township, 110 Pa. 544. The viewers appointed went on and made their report, to which the county filed no exception, and that report was confirmed absolutely. The county subsequently appealed and for the first time made an objection, to the number of viewers appointed, at the trial in the common pleas. "It was too late. The parties were properly in court; the appeal had started the proceedings de novo according to the course of the common law, and the previous irregularity had become immaterial:" Wilson v. Scranton City, 141 Pa. 621. The authority just cited conclusively determines that no one of the reasons upon which the learned judge of the court below based his refusal to take off the nonsuit is well founded; if the case was regularly in the common pleas for jury trial upon appeal, mere irregularities in the proceedings in the court of quarter sessions could not be taken advantage of by the defendant.

The appeal taken by the county, from the finding of the report of viewers, was an attempt to have tried again by a jury in the common pleas the question of the right of the plaintiff to damages, which had been decided in the quarter sessions. The result of the trial in the common

pleas would, if sustained, be to strike down the judgment of the court of quarter sessions awarding damages to plaintiff. Did the statutes applicable to this proceeding authorize a retrial of that question in the court of common pleas? The highway in question was an old township road, which had been laid out and opened under proceedings in the court of quarter sessions of Armstrong county in 1845; it was one of the general system of highways ordained by the commonwealth in the exercise of its sovereign capacity, for the convenience of its citizens. The improvement of this highway by the state highway department, under the provisions of the Act of May 1, 1905, P. L. 318, as a "state highway," left the burden of maintaining that highway after it was improved precisely where it had before rested; and did not render the road a "work, highway or improvement" of any "municipal or other corporation." The road, before, during and after the completion of the improvement was a public work of the state. If land was taken in making the improvement, it was taken by the state by right of eminent domain. The claim of an owner to compensation for land taken by the state for this purpose is not founded upon a constitutional right, and the allowance of such a claim is a matter of grace on the part of the legislature: Lamoreux v. Luzerne County, 116 Pa. 195; Wagner v. Salzburg Township, 132 Pa. 636. When a statute gives to landowners a specific remedy for such damages, that remedy must be pursued. The act of 1905, as amended by the act of 1907, made provision for the payment of damages for property taken in the improvement of "state highways" and directed that the proceedings to ascertain the amount of such damages should "be governed by the laws relating to the assessment of damages for opening public highways." The statutes relating to the opening of public roads give to the owner of land taken, as a matter of grace, a right to compensation by the county, or in some cases by the township, for the land so taken, but in such cases the county, or township, is not a municipal

corporation invested with the power of eminent domain, within the purview of sec. 8, of art. XVI, of the constitution, which gives an appeal to either party "from any preliminary assessment of damages . . . . by viewers;" and the right to have the amount of such damages determined by a jury: Wagner v. Salzburg Township, 132 Pa. 636. The statutes relating to the opening of public roads require that the damages for the payment of which they make provision shall be ascertained by viewers appointed by the court of quarter sessions, and make no provision for the allowance of an appeal and a jury trial in the common pleas; nor does the Act of June 13, 1874, P. L. 283, which was enacted for the purpose of giving effect to the constitutional provision above referred to, apply in such cases: Lamoreux v. Luzerne County, 116 Pa. 195. In the case cited such an appeal was stricken off. The proceedings of the court of quarter sessions, in cases of this character, are only subject to review by the proper appellate court. This record having come to us from the common pleas, it must be returned to that court, in order that the appeal from the award of viewers may be stricken off.

The judgment is reversed and the record is remitted to the court below with direction to strike off the appeal from the award of viewers appointed by the court of quarter sessions.