# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Brown's Petition.

*Constitutional law—Title of act—Amendment of act—Railroads —Road jury—Act of June 23, 1911, P. L. 1123—Statutes—Repeal.*

The act of June 23, 1911, P. L. 1123, is constitutional in all its parts. The act applies to the appointment of viewers to assess damages in railroad condemnation proceedings and repeals the provisions of the Act of February 19, 1849, P. L. 79, relating to the appointment of viewers in such proceedings.

Argued Feb. 14, 1912. Appeal, No. 24, Jan. T., 1912, by Martha M. Brown and Mary J. B. Chew, from decree of C. P. Delaware Co., Dec. T., 1910, No. 216, dismissing petition of appellants for appointment of Jury of view. Before MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for the appointment of seven viewers under the Act of February 19, 1849, P. L. 84.

The opinion of the Supreme Court states the case.

*Error assigned* was order refusing the petition.

*William I. Schaffer,* with him *Samuel Chew, John J. Stetser* and *E. Wallace Chadwick,* for appellants.—The Act of June 23, 1911, is unconstitutional: Com. v. Herr, 299 Pa. 132; Provident Life & Trust Co. v. Hammond, 230 Pa. 407; Phœnixville Boro. Road, 109 Pa. 44; Com. v. Samuels, 163 Pa. 283; Mt. Joy Boro. v. Lancaster, Etc., Turnpike Co., 182 Pa. 581; Ridge Avenue Pass. Ry. Co. v. Phila., 124 Pa. 219; Stegmaier v. Jones, 203 Pa. 47; Dailey v. Potter County, 203 Pa. 593.

The act providing for a county board of viewers, being unconstitutional and void in part is unconstitutional and void in toto: Riccio v. Hoboken, 69 N. J. Laws 649 (55 Atl. Repr. 1109); Skagit County v. Stiles, 10 Wash. 388 (39 Pac. Repr. 116); Com. v. Potts, 79 Pa. 164; State v. Bedell, 50 Atl. Repr. 364; Mathews v. People, 202 Ill. 389 (67 N. E. Repr. 28); People v. Knoff, 198 Ill. 340 (64 N. E. Repr. 842); People v. Olsen, 204 Ill. 494 (68 N. E. Repr. 376); Newton County Board of Com'rs v. State, 161 Ind. 616 (69 N. E. Repr. 442); Malone v. Williams, 118 Tenn. 390 (103 S. W. Repr. 798); Cummins v. Gaston, 109 S. W. Repr. 476; Griffin v. State, 119 Ind. 520 (22 N. E. Repr. 7).

The Act of 1911, if constitutional in whole or part, does not apply to railroad condemnations: Holman's App., 106 Pa. 502; Monongahela Bridge Co. v. Ry. Co., 114 Pa. 478; Allen's App., 81* Pa. 302; Butler's App., 73 Pa. 448; Felt v. Cook, 95 Pa. 247; Com. v. Montrose Boro. Council, 52 Pa. 391; Kister's Petition, 9 Pa. D. R. 64; York Gazette Co. v. York County, 25 Pa. Super. Ct. 517.

A prior act is not impliedly repealed by a later act on the same subject where the respective objects of the two acts are different, and therefore any inconsistency between them is apparent rather than real: McFate's App., 105 Pa. 323.

*George T. Butler,* with him *Henry C. Boyer,* for appellee.—The act applies to railroad condemnations:

Clarion County v. Clarion Twp., 222 Pa. 350; Greenfield Ave., 191 Pa. 290; Com. v. Herr, 229 Pa. 132.

OPINION BY MR. JUSTICE POTTER, April 8, 1912:

It appears from the record in this case, that Martha M. Brown and Mary J. B. Chew, presented to the Court of Common Pleas of Delaware County, a petition for the appointment of seven viewers under the Act of February 19, 1849, P. L. 79, to assess damages for lands of the petitioners taken by the Philadelphia and Western Railway Company for railroad purposes. The court below refused the petition on the ground that it should have been presented under the provisions of the Act of June 23, 1911, P. L. 1123, for the appointment of three viewers. The petitioners have appealed and assign for error the order of the court dismissing their petition.

The first question raised by this appeal, as to the constitutionality of the Act of June 23, 1911, P. L. 1123, has been disposed of in an opinion just handed down in Reber's Appeal, 235 Pa. 622, from the judgment of the Court of Common Pleas of Berks County, in which we sustained the validity of the act.

The remaining question here presented for our consideration is whether the Act of 1911 applies to the appointment of viewers to assess damages in railroad condemnation proceedings. To answer this question we turn to Section 5 of the act, which provides: "Whenever hereafter a petition shall be presented to any court, judge or judges of this Commonwealth, praying the appointment of viewers, reviewers or re-reviewers, or of a jury of view, or of any person or body, under any designation, for the purpose of viewing, laying out, opening, grading, altering, widening, vacating, or constructing of roads, streets, highways, sewers or bridges; or of the assessment of damages and benefits occasioned by such laying out, opening, grading, altering, widening, vacating and constructing of roads, streets, highways, sewers or bridges; or occasioned by any appropriation of

land, by municipalities and of other corporations having the power of eminent domain, the court shall appoint a board of view of three members—one of whom shall be learned in the law—from among the board of viewers of the county, as such viewers, reviewers, re-reviewers, or jury of view, or road jury, or commissioners of view."

These broadly significant words "other corporations having the power of eminent domain" seem clearly to bring railroad companies within the operation of the act. The obvious purpose of the law is to establish a uniform method of selecting viewers, from a permanent board. The words in question follow a reference to the appropriation of land by municipalities, and group them with other corporations having the power of eminent domain. The word "of" is evidently inserted before "other corporations" by mistake, or is to be used in the sense of "by." The language resembles that in Section 8, Article 16, of the Constitution, which reads thus: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements." In construing this provision in Chester County v. Brower, 117 Pa. 647, this court said (p. 656): "The section referred to was intended to embrace, and the language thereof is broad enough to embrace every corporation and individual in the state clothed with the power of taking private property for public use." To the same effect is Lamoreux v. Luzerne County, 116 Pa. 195.

In the act now before us, the words "municipalities and other corporations" are used with the same significance as "municipal and other corporations" in the section of the Constitution above quoted, as the subject matter, the taking of property under the power of eminent domain, is the same in each case. It therefore follows that the statute under consideration, which pro-

vides a method of carrying out the constitutional provision for assessing damages arising out of the exercise of the right of eminent domain, is to be construed in like manner, as including all corporations having that power. This is the plain import of the words. If it does apply to all such corporations, then manifestly it includes railroads, and it is inconsistent with prior acts providing other methods for the assessment of such damages, and under the 12th section, such acts are repealed. This would include the provisions of the Act of February 19, 1849, P. L. 79, which relate to juries of view, and under which appellants filed their petition. The court below was therefore right in holding that the Act of 1849 is repealed, in so far as it relates to the appointment of juries of view, and that the proceedings in the present case should have been brought under the provisions of the Act of June 23, 1911, P. L. 1123.

The assignments of error are overruled, and the order of the court below is affirmed.