## Strine *v.* York County, Appellant.

*Eminent domain — Water companies — Viewers — Appointment of viewers—Acts of April 29, 1874, P. L. 73, and June 23, 1911, P. L. 1123.*

Where a water company having the right of eminent domain diverts water from a stream to the injury of a lower riparian owner, viewers to assess damages for the injuries sustained must be appointed under the Act of June 23, 1911, P. L. 1123, and not under the Act of April 29, 1874, P. L. 73.

Argued March 11, 1914. Appeal, No. 17, March T., 1914, by defendant, from judgment of C. P. York Co., Aug. T., 1913, No. 87, on demurrer to statement in case of U. S. G. Strine v. York County. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Demurrer to statement in assumpsit to recover fees for serving on a jury of view appointed under the Act of June 23, 1911, P. L. 1123.

From the record it appeared that the county of York objected to pay the fee of the plaintiff inasmuch as he had been appointed a viewer under the Act of June 23, 1911, P. L. 1123. It was contended that as the damages sustained were from the diversion of water by a water company, the viewers should have been appointed under the Act of April 29, 1874, P. L. 73.

The court in an opinion by Ross, J., overruled the demurrer and entered judgment for plaintiff.

*Error assigned* was the judgment of the court.

*Joseph R. Strawbridge,* for appellant, cited: Franklin County v. Conrad, 36 Pa. 317; Hough v. Doylestown Boro., 4 Brewster, 333.

*Allen C. Wiest,* with him *Charles E. Bittenger* and *John W. Bittenger,* for appellee, cited: Reber's Petition,

235 Pa. 622; Brown's Petition, 236 Pa. 1; Brocket v. Ohio & P. R. R. Co., 14 Pa. 241; McGee Irrigating Ditch Co. v. Hudson, 22 S. W. Repr. (Texas) 967; Cary v. Daniels, 49 Mass. 466; Hill v. Newman, 5 Cal. 445.

OPINION BY KEPHART, J., April 27, 1914:

Viewers were appointed by the court below from the board of viewers constituted under the Act of June 23, 1911, P. L. 1123, to assess damages occasioned to a lower riparian owner of land, by reason of the diversion of water from a stream by a corporation having the right of eminent domain. The appellant contends that the viewers should have been appointed under the Act of April 29, 1874, P. L. 73, sec. 41, and assigns as a reason therefor, that the language of the act of 1911, provides that these viewers are to be appointed "to assess damages for the taking of land," and that the act did not include damages arising from the taking and diversion of water.

As a lower riparian owner, the damages which would result by reason of the diversion of water from a stream would be damages to the land or property. The measure of these damages to the land would be the difference in value before the diversion and immediately afterwards as affected thereby. Land was given its technical meaning so as to include a dwelling house: Brocket v. Ohio & Pennsylvania Railroad Co., 14 Pa. 241. Ground was given the same construction as land: Ferree v. Sixth Ward School District, 76 Pa. 376. Land includes a right of way: Philadelphia, Wilmington and Baltimore Railroad Co. v. Williams, 54 Pa. 103. The ownership of land gives the right to use the water which runs over the land, but does not create therein a permanent right of property. The property consists in the use, which is appurtenant to the land, and the damage to the land, if any, arises from the deprivation of its use. Land, as used in the act of 1911, is broad enough to include the damages

which may arise from the diversion of water from a stream. Considering then the act of 1874, with its supplements, in connection with the act of 1911, this case cannot be distinguished from Brown's Petition, 236 Pa. 1. Justice POTTER, in holding that the act of 1911, superseded the Act of February 19, 1849, P. L. 79, which relates to juries of view, says of the act of 1911: "These broadly significant words 'other corporations having the power of eminent domain' seem clearly to bring railroad companies within the operation of the act." The corporation which petitioned for the appointment of viewers was the Hanover and McSherrystown Water Company which, it is admitted, had the right of eminent domain. The reason for holding the act of 1911 applicable to juries of view for railroad companies under the Act of February 19, 1849, P. L. 79, can be applied with equal force to the case now before us. As the learned justice in his opinion concludes: "It therefore follows that the statute under consideration, which provides a method of carrying out the constitutional provision for assessing damages arising out of the exercise of the right of eminent domain, is to be construed in like manner, as including all corporations having that power." Under the authority of Brown's petition the assignments of error are overruled and the judgment of the court below is affirmed.