## Seltzer et al. v. Commonwealth

*Roy P. Hicks, G. Harold Watkins* and *O. A. Wisansky*, for plaintiffs.

*Michael J. Ryan*, for defendant.

DALTON, J., January 21, 1946.—This is an eminent domain proceeding which arose out of the widening of a State highway. Two separate petitions for the appointment of viewers to assess damages for the appropriation of land from contiguous parcels were filed in the court of quarter sessions to nos. 2 and 3, September term, 1942. At the hearing before the viewers it was agreed by counsel that the lands should be considered as if owned by all of the petitioners jointly and that the viewers should make but a single award. This procedure was adopted. From the viewers' award, however, the Commonwealth filed separate appeals in the court of common pleas to nos. 94 and 95, May term, 1943, which related respectively to the claims that had been made to nos. 3 and 2, September term, 1942, in the quarter sessions court. The appeals were tried together. After the jury had been sworn as to both

cases, it was orally agreed by counsel in open court that all of the properties should be treated as belonging to all plaintiffs, and that both cases should be tried together as one case; the number to be no. 94, May term, 1943. The jury returned a verdict for plaintiffs in no. 94 only. No verdict was returned in no. 95. The prothonotary, however, not only entered the verdict rendered in no. 94 on the appearance docket in that case, but also in error, entered the same verdict on the appearance docket in no. 95. The Commonwealth thereupon filed separate motions for a new trial in each case. Subsequently, on petition of plaintiffs and with the consent of counsel for the Commonwealth, the court entered a formal order consolidating the two appeals "with like effect as if such consolidation had taken place prior to the jury trial". The regularity of the procedure is not before us, as the parties have consented to it. In consequence of the court's nunc pro tunc order of consolidation, the matter now before us is the Commonwealth's motion for a new trial in no. 94, May term, 1943, in which case alone a verdict was returned; that verdict being for all of the damages involved in both cases.

The first three reasons for a new trial are the usual formal ones and require no discussion.

The fourth reason is that the verdict of $21,200 was excessive. The verdict was $7,000 less than the estimate of plaintiff, Frank Seltzer; $2,800 less than that of the witness, Lewis; and $1,800 less than that of the witness, Haupt. It was otherwise amply supported by the evidence, and we can perceive no circumstance in the case which would justify the substitution of our judgment for that of the jury by declaring the verdict excessive.

The first seven supplemental reasons allege that the proceedings were "void ab initio" and that the common

pleas court was therefore without jurisdiction of the appeal. This contention is based on the fact that Lawrence Jacobs, one of the viewers appointed by the quarter sessions court, was not a member of the county board of viewers. He had previously been a member of the county board but his term had expired. As ground for a new jury trial in the common pleas court, the argument is obviously self-defeating. If the common pleas court had no jurisdiction of the appeal on the first trial, it would have no greater jurisdiction on a second trial.

No motion in arrest of judgment has been filed and we might well refrain from any comment on the merits of the contention. But since the jurisdiction of this court is challenged we prefer to give the matter some consideration. Prior to 1911, there were numerous variations in the method of appointing boards of view and similar bodies, and appointments thereto were usually casual ones, without regard to experience or qualifications: Commonwealth ex rel. Kelley v. Cantrell et al., 327 Pa. 369. It was evidently felt that viewers and the like would gain greater knowledge and experience through a more permanent appointment and better results would thereby be attained: Reber's Petition, 235 Pa. 622, 632. For this reason, and in order to establish a uniform method of selecting viewers (Brown's Petition, 236 Pa. 1), the Act of June 23, 1911, P. L. 1123, 16 PS §3111 et seq., established for the first time in each county a permanent board of viewers. Section 5 of the act, 16 PS §3114, requires courts having need of the services of viewers to appoint a board of view from among the members of the permanent county board. The county board is only a panel of viewers. It is not part of the judicial system of the Commonwealth: Commonwealth ex rel. Kelley v. Cantrell et al., supra, 376. No jurisdiction has been conferred upon it as a tribunal to assess damages. Nor

has such jurisdiction been conferred upon its members ex officiis. An order of appointment by a court of competent jurisdiction is necessary before any member of the county board may act as a member of a board of view in a particular case. The jurisdiction of a board of view thus appointed, consequently, is derived from the court which appointed it, not from the fact that its members are also members of the permanent county board.

In the present case, the court of quarter sessions had jurisdiction to entertain the petition and to appoint the board of view: Act of May 31, 1911, P. L. 468, sec. 16, as last amended by the Act of June 21, 1937, P. L. 1951, sec. 1, 36 PS §171. The board of view performed its duties pursuant to the authority of that court and subject to its confirmation. Clearly, then, there is no question here of the board of view's jurisdiction of the subject matter or of the parties, but only of the right of a particular viewer to act in that capacity. Compare Corporation Funding & Finance Co., Inc., v. Stoffregen, 264 Pa. 215.

Jacobs was a de facto viewer. His ineligibility did not make the proceedings of the board of view utterly void. At most, the proceedings would have been voidable only, had prompt objection been made in the quarter sessions court: Columbus Township Road, 57 Pa. Superior Ct. 516; Frankstown Township Road, 12 D. & C. 660. Instead of raising the objection there, defendant appealed to the common pleas court, which had jurisdiction of the appeal by virtue of the same statute which conferred jurisdiction on the quarter sessions court, to entertain the petition for the appointment of viewers. Now, after a jury trial according to the course of the common law, it is too late to question the regularity of the viewers' proceedings. The irregularity has become immaterial. See Wilson v. City of Scranton, 141 Pa. 621; Prager v. Armstrong County, 48 Pa. Superior Ct. 140.

The eighth supplemental reason for a new trial alleges error in the affirmance of a portion of plaintiffs' seventh point for charge, which related to compensation for delay in payment of damages. The portion complained of reads as follows:

"This compensation, like all other charges for wrongfully withholding money, is measured by an interest rate recoverable as damages. This rate will be the normal commercial rate during the period of detention. If no evidence is given as to that rate, the presumption is that the legal rate was in effect."

This is a verbatim quotation from Whitcomb v. Philadelphia, 264 Pa. 277, 284. The rule of law thus laid down in the Whitcomb case has been reaffirmed in Pennsylvania Co., etc., v. Philadelphia, 268 Pa. 559, and in Lackawanna I. & S. Co., to use, v. Lackawanna & Wyoming Valley R. R., 299 Pa. 503, 507.

The ninth supplemental reason is that: "There is no evidence in this case that the damages were wrongfully withheld, nor what the normal commercial rate was, nor what the legal rate was. These are vital matters and must be proved before the jury can properly act." In assigning this reason defendant is attempting to shift to the owner the burden which the law imposes on the condemning body. The owner of property taken under the power of eminent domain has a prima facie right to compensation for delay in payment and the burden is on the condemning body to show cause to the contrary: Hoffman v. Philadelphia, 250 Pa. 1; Hoffman v. Philadelphia, 261 Pa. 473; Cox v. Pennsylvania Co., 263 Pa. 132. The rule applies even where the property is appropriated by or in behalf of the Commonwealth: Fidelity-Philadelphia Trust Co. et al. v. Commonwealth et al., 352 Pa. 143. Defendant offered no evidence to overcome plaintiffs' prima facie right. Again, it has been repeatedly held in eminent domain

cases that if no evidence is given as to the normal commercial rate, the presumption is that the legal rate was in effect. The owner is entitled to rely upon that presumption and the burden of showing a lesser commercial rate is on the condemning body: Whitcomb v. Philadelphia, supra, 285; Pennsylvania Co., etc., v. Philadelphia, supra 565. Defendant neither offered any evidence as to any lesser rate nor asked the court to take judicial notice thereof. As to what the legal rate was, that is a matter of law and not of evidence.

And now, January 21, 1946, the motion for a new trial is denied, and judgment sur verdict is directed to be entered upon payment of the jury fee.