## Hicks, Appellant, v. Williamsport.

*Road law—Change of grade—Physical change—Authority of councils.*

Damages are not recoverable for a change of grade of a street until the actual work on the ground is begun. It is the physical change and not the mere establishment of the grade on the official plan that gives the right, and such grading must be done only by the authority of the city councils exercised in the manner prescribed by law. Work done by a street commissioner without authority of a city ordinance does not constitute a legal change of grade which will confer upon the owner of abutting property a right for damages.

Argued Feb. 13, 1912. Appeal No. 267, Jan. T., 1911, by plaintiff from judgment of C. P. Lycoming Co., Dec. T., 1909, No. 281, on verdict for defendant in case of T. M. B. Hicks v. City of Williamsport. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from award of jury of view. Before HART, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for the defendant.

*John J. Reardon,* with him *S. T. McCormick* and *T. M. B. Hicks,* for appellant, cited: Lewis v. Darby Borough, 166 Pa. 613; Devlin v. Philadelphia, 206 Pa. 518; Greentree Ave., 21 Pa. Super. Ct. 177; Thirteenth Street, 38 Pa. Super. Ct. 265; Hill v. Oakmont Borough, 47 Pa. Super. Ct. 261; Church v. Milwaukee, 31 Wis. 512; Meinzer v. Racine City, 70 Wis. 561 (36 N. W. Repr. 260).

*Frank P. Cummings,* for appellee, cited: Stork v. Phila., 195 Pa. 101; Steelton Borough v. Booser, 162 Pa. 630; Phila. v. Weaver, 14 Pa. Super. Ct. 293; Clark v. Phila., 171 Pa. 30; Thirteenth Street, 38 Pa. Super. Ct. 265; Devlin v. Philadelphia, 206 Pa. 518; Howley v. Pittsburg, 204 Pa. 428; J. G. Brill Co. v. Philadelphia, 167 Pa. 1; Change of Grade in Plan 166, 143 Pa. 414; York v. Beitzel, 41 Pa. Super. Ct. 194; Kittanning Borough v. Thompson, 211 Pa. 169; South Twelfth Street, 217 Pa. 362; Hale v. Hale, 32 Pa. Super. Ct. 37; Stockley v. McClurg, 14 Pa. Super. Ct. 629; Clark v. Lindsay, 7 Pa. Super. Ct. 43; Black v. Isaacman, 44 Pa. Super. Ct. 476; Park Ave. Sewers, 169 Pa. 433.

.PER CURIAM, March 18, 1912:

The city of Williamsport in 1900 adopted a grade for two intersecting streets that had been laid out and opened many years before. The new paper grade differed somewhat from the actual surface of the streets and was made with a view to future improvements. No legislative action was ever taken by the city for the grading of these streets. In 1909, the city engineer set stakes at the intersection where the plaintiff's lot is situate in accordance with the new grade and the street commissioner constructed a concrete crossing which was lower than the original surface of the street

and twenty inches lower than the sidewalk. A step a foot high was made at the end of the crossing to afford easier passage between the crossing and the footways. Subsequently the street commissioner without authority from any one cut down the sidewalks at the street lines to a level with the crossing and sloped them back some twenty feet so as to make a gradual incline. On the theory that the work done by the street commissioner was a partial execution by the city of the grading of the streets to conform with the paper grade established in 1900, the plaintiff petitioned for the appointment of viewers to assess the damages that would result from the completion of the whole work of grading. The viewers reported that the ordinance fixing a grade did not authorize the doing of the work without further action of the councils and that the plaintiff was not entitled to recover. On the trial of the appeal to the common pleas a verdict was directed for the defendant.

It is the physical change and not the mere establishment of a grade on the official plan that gives a right of action and damages are not recoverable for a change of grade until the actual work on the ground is begun. Howley v. Pittsburgh, 204 Pa. 428; Devlin v. Philadelphia, 206 Pa. 518; and the grading could be done only by the authority of the city councils exercised in the manner prescribed by law. Kittanning Borough v. Thompson, 211 Pa. 169. The work done by the street commissioner was not done in pursuance of any authority by the city to change the grade and without such authority by proper legislative action, no change of grade could be made. In this proceeding the plaintiff was not entitled to recover.

The judgment is affirmed.