## Hirsch *v.* North Braddock Borough, Appellant.

*Eminent domain—Municipalities—Change of grade—Evidence —Irrelevant evidence—Damages—Compensation for delay in payment.*

1. At the trial of an appeal from an award of viewers in change

of grade proceedings, the admission in evidence of a prior ordinance establishing a paper grade, but under which no work was done, and which was repealed by another ordinance establishing a new grade, under which the work was done, was reversible error, particularly where such ordinance was offered not only for the purpose of showing that a change of grade had been made, but also for the purpose of showing the difference in elevation between the grades of the earlier and later ordinance, as the jury might have thereby been led to infer that the borough was juggling with the grade in front of plaintiff's property and that this was a wrong done plaintiff.

2. In such case the court did not err in charging that the jury could add to the damages as compensation for delay a sum not exceeding six per cent. per annum from the date of the physical change of grade.

Hoffman v. Philadelphia, 250 Pa. 1, followed.

Argued Oct. 18, 1915. Appeal, No. 202, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 2488, on verdict for plaintiff, in case of Carl Hirsch v. Borough of North Braddock. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from award of viewers in condemnation proceedings. Before BROWN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,300.00 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Jos. F. Mayhugh,* for appellant.

*Carl C. Baldrige,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1916:

In the court below the plaintiff recovered damages for

a change of grade in the street upon which his property fronted; judgment was entered on the verdict, and the defendant has appealed.

The first and second assignments of error relate to the admission in evidence of a borough ordinance, approved October 9, 1907, establishing a paper grade for the street in question. The purpose of the offer of the ordinance was stated thus: "this is for the purpose of showing this is a change of grade and also for the purpose of showing the difference in the elevation between the 1907 and 1912 grade." No actual work was done under the ordinance of 1907, and August 20, 1912, another was passed which repealed the first and established a new grade. In 1913, by due authority, the street was cut from its natural surface to the line established by the ordinance of 1912.

The admission of the ordinance of 1907 was clear error; the "difference in the elevation between the 1907 and the 1912 grade," as shown by the two ordinances, was wholly immaterial and irrelevant, for it is the physical change and not the mere establishment of a grade on the official plan which creates a cause of action: Hicks v. Williamsport, 235 Pa. 509. The ordinance of 1907 merely established a paper grade on the official plan, and the borough had the right, without incurring liability, to change or abolish this at any time, as it did in 1912. It may well be, as contended by the appellant, that, by the ruling objected to, "the jury was led to believe the passage of the ordinance of 1907 permanently established the grade......that concerned the plaintiff's property and that the grading and paving......to the grade established by the ordinance of 1912 was a change not of the natural grade alone, but of the established grade of 1907"; for, as stated by counsel for the defendant, "it (the ordinance of 1907) was not only offered and received for the purpose of showing 'this is a change of grade,' but also for the 'purpose of showing the difference in the elevation between the

1907 and 1912 grade'......," and, as well added by counsel, "From this of course, the jury might have inferred that the difference in the elevation, as shown on the face of these two ordinances, between the 1907 and the 1912 grade, was a matter of importance to the determination of the issue,......and it may have led the jury to infer that the borough was juggling with the grade in front of plaintiff's property......and that this was a wrong done plaintiff." The first two assignments are sustained.

The third assignment relates to a portion of the charge regarding damages by way of compensation for delay. The trial judge said that the jury might, at their discretion, add to the damages "a sum not exceeding six per cent. per annum" from June 30, 1913, the date of the physical change of grade. Under the facts at bar, this instruction was in accord with our latest ruling upon the subject (Hoffman v. Philadelphia, 250 Pa. 1), and we see no error therein; the assignment is overruled.

The last assignment complains of alleged general inadequacy in the charge; while, on the next trial, it might be better to mention to the jury some of the points now called to our attention by counsel for the appellant, yet, since no special instructions were asked in reference thereto, and no complaint was made at the trial concerning a failure specifically to charge thereon, we are not impressed with the present criticism, and this assignment is likewise overruled.

For the reasons stated in ruling on the first two assignments of error, the judgment is reversed with a venire facias de novo.