## Cox v. Pennsylvania Co., Appellant.

*Railroads—Eminent domain — Damages—Farm land — Plan of lots—Boundaries—Riparian rights — Will—Conversion—Personal property—Delay of payment—Burden of proof.*

1. Where in proceedings to assess damages for widening a railroad company's roadway, it appears that the company had originally located its right of way so as to divide the owners' land into two portions, one a small tract, the other a large one on which farm buildings were located, both connected by a grade-crossing, and both continuously used for farm purposes, and that the smaller tract had been divided into lots on which some houses had been built, but no streets opened, the court commits no error in holding that in view of the use of both tracts as farm land, neither a conveyance of the whole tract by deed to the father of the present owners, nor the laying out of lots and sale of the same, operated as a severance necessitating the assessment of the property as building lots, and that the owners' damages should be based on a consideration of the market value of the remaining property as a whole for building lots or for any purpose to which it might reasonably be put.

2. Where in such a case the deed of the owners gave courses and distances and referred to monuments to define the eastern boundary line, without reference to a river as a boundary, the court commits no error in permitting the jury to consider the value of riparian rights on a river in assessing the damages, if it is shown that for over forty years the owners and their predecessors had been in actual adverse possession of the river bank, and, during that time, had exercised ownership over that part of the property,

had used the river for various purposes, and had planted a row of willow trees along the bank to protect the land from washing.

3. In assessing damages for land condemned by a railway company the jury may allow damages for delay where there is no evidence that the railway company had made an offer of compensation which had been refused by the owner, or that negotiations were had at any time between the parties for the purposes of settlement, or that the owner had made an extortionate or inordinate demand. The burden in such a case is on the company to show facts tending to excuse delay.

4. Persons claiming title to land under a will, which directs the executors "if deemed best by them to sell town lots and convey land for public works" are proper parties to condemnation proceedings where such power has not been exercised by the executors, since the direction in the will did not work a conversion of the property into personalty before the power was exercised and therefore the damages were payable to the devisees and not to the personal representatives.

Argued Oct. 8, 1918.   Appeal, No. 1, Oct. T., 1918, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1912, No. 53, on verdict for plaintiffs in case of William H. Cox et al. v. Pennsylvania Company, operating the Pittsburgh, Youngstown and Ashtabula Railway. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and Fox, JJ.   Affirmed.

Appeal from report of viewers.   Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Defendant presented, among others, the following points:

3. That the will of Ephraim Phillips worked a conversion of his real estate.

Answer.   Refused.   (1)

4. That plaintiffs have not shown title in themselves to the land appropriated in this case and they cannot recover.

Answer.   Refused.   (2)

8. That the said plotting, recording, selling and conveying of lots to other parties, severed said lots so laid out from the other parts of said eighty-acre farm.

Answer. That point as stated is refused, we say to you that the lots sold by Ephraim Phillips and other parties are the only lands in the farm which have been severed, physically separated from the balance of the farm. (3)

13. That when the jury had fixed the amount of damages and compared it with plaintiffs' demand for damages if the jury are fairly of the opinion, and come to a fair and honest conclusion that the difference between the damages they have fixed and the claim made by the plaintiffs for damages is so great that they would say that the demand of the plaintiffs was an extortionate and inordinate demand, so that the railroad company was justified in contesting it, the jury should not allow any damages or interest for delay in payment.

Answer. That point as stated, we refuse, but say to you, gentlemen, that it is for you to determine whether there were any extortionate or inordinate or unreasonable demands made by the plaintiffs at the time of the appropriation of their land. With that explanation we affirm that point. (4)

14. The jury should not allow any damages for injury to any lots in the Willow Grove plot not cut by the land appropriation for they are separate parcels and plaintiffs have given no proof of damages except by acre.

Answer. This point is affirmed, but we say to you that you are not to consider the value of any lots plotted which seem to have been cut by one of these appropriations. That you are not to consider land as belonging to those lots individually but that you are to take it into consideration in connection with the general acreage of the affected land, as we have explained it to you. In other words, all lands of plaintiffs east of Beaver street. (5)

The court charged in part as follows:

[The mere laying out of the land into lots does not necessarily so separate it from the balance of the land that it may not be treated as a parcel upon which damages are to be estimated and determined especially as in

this case.  The plotted land was used for farm purposes, you should treat the plotted land as acreage.]   (7)

[And we say to you, gentlemen of the jury, that the title of the plaintiffs to this land extended to the middle thread of the stream.  Title in this is traced back to the Commonwealth, so there is not much or any question about title.

[In your deliberation you need not spend any special time on the question of title to this property, for as we have stated and submit it to you, the title to the property to the land in question is in plaintiffs.]   (8)

Verdict and judgment for plaintiff for $13,446.  Defendant appealed.

*Errors assigned,* among others, were (1, 5, 7, 8) above instructions quoting them.

*Oscar L. Jackson* and *Charles R. Davis,* for appellant. —There was a conversion: Marshall's Est., 138 Pa. 260; Downers' Est., 245 Pa. 580.

What are boundaries is law for the court but where they are is a question for the jury: Stuven v. Kalchreuter, 8 W. N. C. 44; Miles Land Co. v. Hudson Coal Co., 246 Pa. 11; Wharton v. Garvin, 34 Pa. 340; Wood v. Appal, 63 Pa. 210; Kelly v. Graham, 9 Watts 116; Breneiser v. Davis, 134 Pa. 1; Thompson v. Kauffelt, 110 Pa. 209.

There can be no real question, but that the farm of Ephraim Phillips was subdivided by the Willow Grove plot: O'Donnell v. Pittsburgh, 234 Pa. 401; Fereday v. Mankedick, 172 Pa. 535; O'Donnell v. Porter Co., 238 Pa. 495.

The owner made extortionate demands: Rea v. Pittsburgh & Connellsville R. R. Co., 229 Pa. 106; Mengell's Exrs. v. Mohnsville Water Co., 224 Pa. 128-129; Neeley v. Western Allegheny R. R. Co., 219 Pa. 349; Philadelphia Ball Club v. Philadelphia, 192 Pa. 632.

*C. H. Aken,* with him *James A. Chambers,* for appellee.—There was no conversion: Battenfeld v. Kline, 228 Pa. 91; Marr's Est., 240 Pa. 38; Chamberlain's Est., 257 Pa. 113.

Riparian rights in the Beaver river were incident to the ownership of the title to this land. Such rights run with the land: Standard Plate Glass Co. v. Butler Water Co., 5 Pa. Superior Ct. 563.

There was no severance: Scott v. Donora Southern R. R. Co., 222 Pa. 634; Potts v. R. R. Co., 119 Pa. 278; Baker v. Penna. R. R. Co., 236 Pa. 479; Phillips v. St. Clair Incline Plane Co., 166 Pa. 21; White v. Fifth Ave., Etc., Bridge Co., 189 Pa. 500; Quigley v. Penna. S. V. R. R., 121 Pa. 35; Marine Coal Co. v. Pittsburgh, McKeesport, Etc., R. R. Co., 246 Pa. 478.

There was delay in payment: Rea v. Pittsburgh, Etc., R. R. Co., 229 Pa. 106; Wayne v. Penna. R. R. Co., 231 Pa. 512; Hoffman v. Philadelphia, 250 Pa. 1.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

Plaintiffs sued to recover damages for land appropriated by defendant for the purpose of widening its roadway. The principal controversy relates to the measure of damages, as to which the evidence is widely at variance and, in view of the testimony, the verdict is not excessive and must be sustained, unless based on improper evidence.

The land taken consisted of two triangular pieces, one on each side of defendant's tracks and a part of a tract known for many years as "The Phillips Farm," lying on the west side of the Beaver river and traversed by defendant's railroad, which runs approximately parallel with the river. Between the railroad and the river is a part of the farm, varying in width, containing about fourteen and one-half acres, and extending to low-water mark. This portion was connected by a grade-crossing with the main property lying on the west side of the railroad and upon which the farm buildings are located. The

land had been used for farming purposes for many years; a part, however, had been laid out by the owner in building lots, a number of which were sold, while the remaining portion continued to be used for farming purposes, without reference to lines of the plotted lots. Numerous dwellings and other buildings have been erected by purchasers of the lots; the streets, however, have not been actually opened or accepted by the public authorities. The original right-of-way of the railroad, sixty-six feet in width, was obtained by conveyance from an earlier owner of the property. Appellant claims the court was in error in holding that neither such conveyance nor the laying out of part of the land in building lots and the sale of a number of them, in view of the continued use of the remainder of the property on both sides of the railroad as farm land, operated as a severance necessitating the assessment of the property as building lots, and that plaintiffs' damages should be based on a consideration of the market value of the remaining property as a whole for building lots or any purpose to which it might reasonably be put. In thus charging there was no error: Potts v. Penna. S. V. R. R., 119 Pa. 278-285; Scott v. Donora Southern R. R., 222 Pa. 634; Baker v. Penna. R. R., 236 Pa. 479.

Appellant also contends the court committed error in permitting the jury to consider the value of the water frontage of the land as possible sites for factories, for the reason the deeds to plaintiffs gave courses and distances and referred to monuments instead of referring to the river as the east boundary line. The land was originally a part of lots Nos. 28 and 29 of the "First District of Donation Lands" conveyed to a predecessor in title by the Commonwealth, the plan of which showed Beaver creek as its east line, and it appears from the testimony that, as a matter of fact, plaintiffs and Ephraim Phillips, through whom they claim, had been in actual adverse possession of the river bank since the purchase of the farm in 1865, and, during that time, had exercised

acts of ownership over that part of the property, had used the river for various purposes in connection with the farm and otherwise, and planted a row of willow trees along the bank of the river to protect the land from washing. There was no denial, of this and the jury was properly permitted to consider the value of riparian rights in determining the question of damages.

Appellant further complains of the action of the trial judge in permitting the jury to allow damages for delay in payment and in refusing to affirm without qualification defendant's point to the effect that if the difference between the amount of plaintiffs' claim and the damages actually awarded by the jury "was an extortionate and inordinate demand" defendant was justified in refusing to pay, and the jury should not allow damages because of the delay. The court affirmed this with the qualification that it was for the jury to say whether extortionate or unreasonable demands had been made by plaintiffs at the time of the appropriation of the land. This qualification was proper and as we find no evidence of defendant having made an offer of compensation which was refused by plaintiffs, or that negotiations were had at any time between the parties for the purpose of settlement, plaintiff is prima facie entitled to damages for delay in payment, the burden being on defendant to show facts tending to excuse delay: Wayne v. Penna. R. R., 231 Pa. 512; Hoffman v. Philadelphia, 250 Pa. 1.

Finally, the standing of plaintiffs to maintain this action is questioned by defendant, in view of the provision in the will of Ephraim Phillips in which he directs his executors "if deemed best by them to sell town lots and convey land for public works," it being argued this clause operated as a conversion of the property, and, consequently, the proceeds are distributable as personalty and go to the personal representatives and not to plaintiffs as heirs. The clause in question is not an express direction to sell, however, but merely a discretionary

power vested in the executors which, under the rule stated in numerous decisions, does not work a conversion unless and until the power is exercised by them: Chamberlain's Est., 257 Pa. 113, and cases there cited.

The judgment is affirmed.