Lackawanna Iron & Steel Co., to use, *v*. Lackawanna & Wyoming Valley R. R., Appellant.

Argued January 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

504

*William J. Fitzgerald,* of *O'Brien & Kelly,* for appellant.—The defendant contends that the arbitrators exceeded their power in awarding interest: Pierce v. Coal Co., 232 Pa. 170; Richards v. Gas Co., 130 Pa. 37; Emerson v. Schoonmaker, 135 Pa. 437.

Interest on the award should not be computed and included in the face of the judgment: Graham v. Williams, 16 S. & R. 257.

*Harry A. Knapp,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—The submission both in object and in language covered damages for delay in payment as part of the compensation the steel company was entitled to be paid, and the conclusion of the court below was correct that the difference between the "damages" in the submission and the "interest" in the award was only one of "nomenclature."

The mere fact that the laymen, acting as arbitrators, used untechnical language is immaterial so long as the award in substance and reality was within the scope of the submission: Grier v. Bilger, 13 Pa. 58, 59; Painter v. Kistler, 59 Pa. 331; D., L. & W. R. R. v. Burson, 61 Pa. 369.

The award being within the scope of submission, the item of interest was not to be raised in the manner here attempted: Hostetter v. City, 107 Pa. 419.

In assumpsit on award which included such interest, where defendant at trial offered no evidence of payment or tender or other excuse for nonpayment, interest on the award should be included in the judgment: Buckman v. Davis, 28 Pa. 211; McClelland v. West, 70 Pa,

183; Fearon v. Little, 227 Pa. 348; Jones v. Ringold, 1 Yeates 480.

OPINION BY MR. JUSTICE SADLER, March 17, 1930:

In 1902 certain constitutent or subsidiary corporations, now consolidated into the Lackawanna & Wyoming Valley Railroad Co., entered upon and occupied lands of the Lackawanna Iron & Steel Company, located in the City of Scranton. Condemnation proceedings were not instituted, nor was compensation for the injury sustained by the owner made at the time, but, on November 15, 1917, an agreement was executed between the parties having in view the determination of the amount of damages payable for the injury suffered. It was stipulated that arbitrators should be appointed to assess the loss caused by the location of the right-of-way over various lots described specifically in a schedule attached to the contract, the award to be binding, final and conclusive upon those interested. The individuals selected met, and, on January 20, 1921, awarded $7,891, adding thereto $8,595 as interest from the time of taking, making a total award of $16,486 as of the date of the report. The unpaid claim was assigned in 1924 to the Bethlehem Steel Co., the present use-plaintiff, which brought this action of assumpsit, based thereon, the following year. Certain defenses interposed were abandoned, and the contention submitted to the court for trial without a jury was the right of the arbitrators to include interest in the award which they made nearly five years before, and not complained of until then.

The trial judge properly held the finding finally made by those chosen for this purpose, and not objected to until the present affidavit of defense was filed, bound the parties as if a judgment on a verdict after trial on the issues involved had been secured: 2 R. C. L. 387, 389; Wabash Ry. Co. v. American Refrig. Transit Co., 7 Fed. (2) 335. The mere fact that the adjusters, mutually agreed on, failed to strictly follow the agreement made,

as to details in reaching their ultimate conclusion, for it made no reference to allowable interest for detention from the time of taking, did not justify the setting aside of their award: Painter v. Kistler, 9 Pa. 331; Grier v. Bilger, 13 Pa. 58. Such a finding may be attacked for a mistake of fact or law appearing on the face of the record (Hostetter v. Pittsburgh, 107 Pa. 419; Mackie v. Pleasants, 2 Binney 363), where it is apparent the power conferred has been exceeded (Davy's Exrs. v. Faw, 7 Cranch 172), or where fraudulent conduct on their part is disclosed (Horton v. Stanley, 1 Miles 418), but such an award is not to be attacked collaterally, for it has the same effect as a verdict of the jury: 15 R. C. L. 838. To enforce it, an action of assumpsit could be instituted, as was done in the present case (Rank v. Hill, 2 W. & S. 56), wherein any proper defense to the merits could be raised, as the remedy at law was adequate: Church v. Ruland, 64 Pa. 432.

The only complaint here insisted on is based on the inclusion by the arbitrators of interest on the damages awarded for the occupation of the separate lots involved. Ordinarily, a jury allows compensation for detention from the time of taking to that of verdict, adding the amount to the total of actual property loss, without designating it as a distinct item: Shevalier v. Postal Telegraph Co., 22 Pa. Superior Ct. 506. Where, however, such a charge is properly to be considered and allowed, the declaration of the elements included in the verdict is not fatal: Harvey v. Lackawanna & B. R. R. Co., 47 Pa. 428; West Penna. R. R. Co. v. Hill, 56 Pa. 460. A jury, or those acting by agreement in that capacity, cannot allow damages for delay in payment in the ordinary action of trespass: Pierce v. Lehigh Valley Coal Co., 232 Pa. 170; Emerson v. Schoonmaker, 135 Pa. 437. Interest is not recoverable in cases of that character unless there is some stipulation to the contrary. It is allowable only where there has been a failure to make payment of a liquidated sum due at a fixed day, and the

debtor is then in default: Richards v. Citizens Natural Gas Co., 130 Pa. 37. So, it cannot be included where the jury or arbitrators deal with an unbalanced account, until the amount due has been determined (Williams v. Craig, 1 Dallas 313), but thereafter it is to be awarded: Fearon v. Little, 227 Pa. 348; McClelland's Exrs. v. West's Admr., 70 Pa. 183; 33 C. J. 209.

If it appears, however, that an amount has been improperly withheld from another, interest is to be added (Phila.-Fidelity Trust Co. v. Simpson, 293 Pa. 577, 587), and where land is taken under the power of eminent domain, or under an equivalent agreement, as here, the owner acquires the right to its value as of the date of its occupation. As was said by Mr. Justice KEPHART, in Whitcomb v. Phila., 264 Pa. 277, 284, a case frequently cited with approval: "Until that value has been definitely ascertained, it is called damages, not a debt due; but when ascertained it relates back to the time of taking, and the owner is entitled to compensation for delay in its payment, unless just cause be shown to the contrary: Wayne v. P. R. R. Co., 231 Pa. 512; Hoffman v. Phila., 261 Pa. 473. This compensation, like all other charges for wrongfully withholding money, is measured by an interest rate recoverable as damages. This rate will be the normal commercial rate during the period of detention. If no evidence is given as to that rate, the presumption is that the legal rate was in effect." See also D., L. & W. R. R. Co. v. Burson, 61 Pa. 369; Cox v. Penna. Co., 263 Pa. 132; Hirsch v. North Braddock Boro., 252 Pa. 22. Where the owner remains in possession after the appropriation, damages for detention are not allowed, or are reduced, depending upon the facts of each case, but the burden of showing the right to a deduction is upon the condemnor: Patterson v. B. R. & P. & R. Co., 268 Pa. 555. It was, therefore, proper for the arbitrators to allow a sum equivalent to interest, at the usual legal rate, as compensation for the delay in payment after the actual taking in 1902: Miles's Est.,

273 Pa. 124; Penna. Co. for Ins. on Lives v. Phila., 268 Pa. 559. Though this sum is ordinarily lumped with the damages themselves and included in a verdict for a total sum, the separation of the two items is not such an error as to make it necessary to set aside the finding.

The award had the effect of a verdict fixing the loss, with compensation for detention in payment added, and interest on the total sum found due was thereafter allowable. The action of assumpsit was for a definite debt payable, when made, according to the stipulation of the parties, and the judgment entered in this action for plaintiff bore interest from the date of the beginning of the liability thus determined as a necessary incident: Buckman v. Davis, 28 Pa. 211; Jones v. Ringold, 1 Yeates 480; Sharp v. Keiser, 292 Pa. 142. Compound interest is not allowable (Graham v. Williams, 16 S. & R. 257; 33 C. J. 253), but the addition to the total award here sued on did not controvert this rule, and is therefore not objectionable as constituting double compensation. A definite sum was determined to be due on January 20, 1921, and for this amount suit was brought. The court, sitting without a jury, found this balance owing as of the date mentioned, and, in entering judgment for the plaintiff, properly included interest on this balance, no legal defense to any part of the claim having been established.

The judgment entered should be affirmed with one modification. It appears the arbitrators award was not made until January 20, 1921. Through inadvertence, interest was allowed from January 10th, the date when those selected to pass on the dispute were qualified. The judgment should therefore be reduced by $28.08 and entered for $16,486, with interest from January 20, 1921, amounting in all to $24,247.55.

The judgment as modified is affirmed.