UNITED STATES v. 20.08 ACRES OF LAND IN HARMAR TP., ALLEGHENY COUNTY, PA., ON FOURTEEN MILE ISLAND, ALLEGHENY RIVER.

No. 8047.

District Court, W. D. Pennsylvania.

Oct. 29, 1940.

McCrady, McClure, Nicklas & Hirschfield, by M. H. Hirschfield, all of Pittsburgh, Pa., for plaintiff.

George Mashank, Acting U. S. Atty., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The plaintiff, McCrady-Rodgers Company, a corporation, on May 10, 1935, was the owner of a certain island in the Allegheny River known as "Fourteen Mile Island". On the date mentioned, the Government condemned a portion of said island for dam purposes. A Board of Viewers was appointed to determine the damages occasioned by said condemnation. It made its return to this court. The Government appealed from the award made to McCrady-Rodgers Company and an issue was formed, wherein said company was the plaintiff and the Government the defendant. Trial was held which lasted about a week. The court, at the trial, instructed the jury in determining the damages, that it should determine the market value of plaintiff's property before the condemnation and the market value of what was left immediately after the condemnation; and that in addition thereto, they had the right to allow damages for delay, not to exceed the legal rate of in-

terest, 6 per cent. per annum. The jury returned a verdict November 24, 1939, which reads: "We, the Jurors empaneled in the above entitled case, find a verdict for the Plaintiff, of Twenty-nine Thousand Two Hundred Dollars, plus interest for 4½ years, a total of Thirty-seven Thousand and Eighty-four Dollars ($37084)"

The Government filed a motion for a new trial and has argued in support thereof, that the jury erred in allowing interest as a part of the verdict. It is conceded by the Company and the Government that the instruction of the Court to the jury as to the measure of damages is correct. It is also conceded, that Pennsylvania law governs as to the measure of damages, including damages for delay in payment. In Pennsylvania Co. for Insurance on Lives, etc. v. Philadelphia, 268 Pa. 559, 565, 112 A. 76, 80, it is stated: "It has been held that an owner of property taken under condemnation is entitled to compensation for delay in payment of damage, which begins to run from the date of appropriation. Hoffman v. Philadelphia, 261 Pa. 473, 104 A. 674; Whitcomb v. Philadelphia, 264 Pa. 277, 107 A. 765. This compensation, like all other charges for wrongfully withholding money, is measured by an interest rate, recoverable as damage. It will be the normal commercial rate during the period of detention, and if there is no evidence as to that rate, the presumption is that the legal rate was in effect. There was no evidence in this case of any rate of interest lower than the legal rate. The assignments bearing on these questions are dismissed."

In Whitcomb v. Philadelphia, 264 Pa. 277, 107 A. 765, 767, the Supreme Court of Pennsylvania stated: "When land is taken under the power of eminent domain, the owner thereof acquires the right to its value immediately upon appropriation. Until that value has been definitely ascertained, it is called damages, not a debt due; but when ascertained it relates back to the time of taking, and the owner is entitled to compensation for delay in its payment, unless just cause be shown to the contrary. Wayne v. Pennsylvania R. R. Co., 231 Pa. 512, 80 A. 1097; Hoffman v. Philadelphia, 250 Pa. 1, 95 A. 322, and [Id.], 261 Pa. 473, 104 A. 674. This compensation, like all other charges for wrongfully withholding money, is meas-

ured by an interest rate recoverable as damages. This rate will be the normal commercial rate during the period of detention. If no evidence is given as to that rate, the presumption is that the legal rate was in effect."

In Lackawanna Iron & Steel Co. v. Lackawanna & Wyoming Valley R. R., 299 Pa. 503, 149 A. 702, 704, the Supreme Court of Pennsylvania stated:

"The only complaint here insisted on is based on the inclusion by the arbitrators of interest on the damages awarded for the occupation of the separate lots involved. Ordinarily, a jury allows compensation for detention from the time of taking to that of verdict, adding the amount to the total of actual property loss, without designating it as a distinct item. Shevalier v. Postal Telegraph Co., 22 Pa. Super. 506. Where, however, such a charge is properly to be considered and allowed, the declaration of the elements included in the verdict is not fatal. Harvey v. Lackawanna & B. R. R. Co., 47 Pa. 428; Western Pennsylvania R. R. Co. v. Hill, 56 Pa. 460. * * *

" 'This compensation, like all other charges for wrongfully withholding money, is measured by an interest rate recoverable as damages. This rate will be the normal commercial rate during the period of detention. If no evidence is given as to that rate, the presumption is that the legal rate was in effect.' See also, Delaware, L. & W. R. R. Co. v. Burson, 61 Pa. 369; Cox v. Pennsylvania Co., 263 Pa. 132, 106 A. 70; Hirsch v. North Braddock Borough, 252 Pa. 22, 97 A. 113. * * *

"It was, therefore, proper for the arbitrators to allow a sum equivalent to interest, at the usual legal rate, as compensation for the delay in payment after the actual taking in 1902. Miles' Estate, 273 Pa. 124, 116 A. 668; Pennsylvania Co. for Ins. on Lives v. Philadelphia, 268 Pa. 559, 112 A. 76. Though this sum is ordinarily lumped with the damages themselves and included in a verdict for a total sum, the separation of the two items is not such an error as to make it necessary to set aside the finding."

In Mast v. Lancaster County et al., 308 Pa. 381, 162 A. 288, the jury returned a verdict in a condemnation case in the following form: "An now, to wit, November 24, 1931, we, the jurors empaneled in the above case, find in favor of Levi K.

Mast $2300.00 Twenty Three Hundred Dollars and against with interest from July 22, 1929, $323.72."

The Court, upon return of the verdict, instructed the jury that it should find the total amount due the plaintiff; thereupon, the jury informed the Court that it agreed upon $2,623.72, which was the amount of the damage plus interest. Upon appeal, the Supreme Court of Pennsylvania, in discussing the form of the verdict, stated: "The verdict, as orally amended, was none the less valid (Rottmund v. Pennsylvania R. R. Co., 225 Pa. 410, 416, 74 A. 341); nor can we see any point in appellants' intimation that there was error in lumping the items of damage (see discussion on this subject in Lackawanna I. & S. Co. v. Lackawanna & W. V. R. R., 299 Pa. 503, 506, 149 A. 702 et seq.). Moreover, if the amendment had not been made by the jury, the error in the written verdict in referring to the amount due for delay in payment of damages as 'interest' was a technical defect which the court, under the Act of March 14, 1872, P.L. 25 (12 P. S. § 536), could have remedied. Thompson v. Emerald Oil Co., 279 Pa. 321, 326, 123 A. 810; Parks v. Bishop, 296 Pa. 91, 145 A. 718. This, however, was unnecessary when the jury itself did so."

In Section 269 of the Judicial Code, 28 U.S.C.A. § 391, it is stated: "On the hearing of any * * * motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

Rule 1 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

Rule 61 provides: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

It is evident, after reading the instructions of the Court to the jury, and the verdict as rendered by the jury, that the jury intended to award the plaintiff damages for the taking of its property, and also, damages by reason of delay. The jury erred in calling the damages for delay "interest." It was the duty of the jury to determine the damages for delay by an interest rate. The ordinary commercial rate of interest applies, but if there was no evidence thereof (and that is true in this case) then the legal rate of interest, which is 6 per cent. per annum, applies. The error in the form of the verdict does not affect the substantial rights of the parties. It was a technical defect, which the Court has the power to remedy.

The motion for a new trial should, therefore, be refused.